# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHANNA L. SPENCE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 02: 08cv0626 |
| | ) | |
| BROWNSVILLE AREA SCHOOL DISTRICT, INTERMEDIATE UNIT ONE, and SCHOOL POLICE OFFICER LAZER, | ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

July 15, 2008

Presently before the Court are the following:

• MOTION TO DISMISS PLAINTIFF'S COMPLAINT IN ITS ENTIRETY PURSUANT TO F.R.C.P. 12(b)(6) AND FOR AN AWARD OF COUNSEL FEES, with brief in support (Document Nos. 9 and 10, respectively) filed by Defendant Intermediate Unit 1, and the response in opposition filed by Plaintiff, Shanna L. Spence (Document Nos. 14 and 15); and

• MOTION TO DISMISS, with brief in support, filed by Defendant Brownsville Area School District (Document Nos. 12 and 13), and the response in opposition filed by Plaintiff, Shanna L. Spence (Document Nos. 17 and 18);

The issues have been fully briefed and are ready for disposition. After careful review of the filings, both Motions will be denied.

**Background**

As the law requires, all disputed facts and inferences are resolved most favorable to Plaintiff. The following background is drawn from the Complaint and the factual allegations therein are accepted as true for the purpose of this opinion.

Plaintiff, Shanna Spence, was a student enrolled in the Brownsville Area School District ("BASD") from 1992 - 2004. In 1999, while Plaintiff was attending junior high school, she allegedly "due to inadvertence" carried a pair of hair styling shears to school.[1] Plaintiff was suspended pending an investigation by the BASD and thereafter involuntarily transferred to "Intermediate Unit 1," an alternative educational program for disruptive students. Plaintiff remained at Intermediate Unit 1 for a period of one (1) school year. The following year, Plaintiff returned to BASD, where she continued her schooling until 2004, when she dropped out of school.

Plaintiff alleges that she was afforded no opportunity to be heard before either her suspension or her transfer to Intermediate Unit 1. Further, Plaintiff alleges that she was required to remain at Intermediate Unit 1 for a period of time in excess of that reasonably necessary "or that she was kept at the school without regard to any administrative review of her situation to discern if she was ready to return to her normal school placement." P's Memo. at 5 (Document No. 18).

Additionally, Plaintiff avers that she, unlike other students, was required to endure an atmosphere of fear, degradation, and humiliation both at BASD and at Intermediate Unit 1.

---

[1] Defendants characterize the hair styling shears as a "weapon."

Plaintiff also alleges that while in attendance at Intermediate Unit 1, she was the "victim of harassment and untoward behavior by School Security Officer Lazer." *See* Complaint, at ¶ 10.

On June 26, 2007, Plaintiff initiated this action by the filing of a praecipe for writ of summons in the Court of Common Pleas of Fayette County, Pennsylvania. On December 12, 2007, Plaintiff filed a three-count Complaint in which she alleges that BASD and Intermediate Unit 1 violated her federal constitutional due process and equal protection rights; that Defendant Lazer violated her Fourth Amendment right with his "unconsented to touching and handcuffing" of her; and that BASD and Intermediate Unit 1 have each breached their fiduciary duty under Pennsylvania common law.

On May 9, 2008, Defendants removed the lawsuit to this Court. The pending motions to dismiss have been fully briefed and are now ready for ruling.

**Standard of Review**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the legal sufficiency of the Complaint. "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, --- U.S. ---, 127 S.Ct. 1955, 1965 (2007) (citing *Papasan v. Allian,* 478 U.S. 265, 286 (1986)).

To make certain that lower courts understood the scope of its holding, the Supreme Court in *Twombly* explicitly rejected its earlier decision in *Conley v. Gibson*, 355 U.S. 41, 47 (1957), which had held that "a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his

3

claim which would entitle him to relief." *Twombly*, 127 S.Ct. at 1969. Rather, the Court made clear that a plaintiff's complaint must go beyond mere legal conclusions and speculation to provide factual allegations sufficient to "nudge . . . their claims across the line from conceivable to plausible." *Id.* In *Phillips,* the Court of Appeals for the Third Circuit addressed in detail the modifications to the standard of review for motions filed pursuant Rule 12(b)(6). *See Phillips v. County of Allegheny*, 515 F.3d 224, 230-235 (3d Cir. 2008).

In April 2008, our court of appeals summarized its current application of *Twombly* and *Phillips*. *See Wilkerson v. New Media Tech. Charter Sch., Inc.*, 522 F.3d 315 (3d Cir. 2008). The court noted that when it had decided *Phillips*,

> [a]lthough the exact parameters of the *Twombly* decision were not yet known, we read *Twombly* to mean that 'factual allegations must be enough to raise a right to relief above the speculative level. In other words, 'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element.

*Wilkerson*, 522 F.3d 322 (citing *Phillips,* 515 F.3d at 234*, quoting Twombly*, 127 S. Ct. at 1965).

"After *Twombly*, it is no longer sufficient to allege mere elements of a cause of action; instead, 'a complaint must allege facts suggestive of [the proscribed] conduct.' " *Phillips*, 515 F.3d at 233 (*quoting Twombly*, 127 S. Ct. at 1969 n.8.) "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Id.* at 234 (*quoting Twombly*, 127 S. Ct. at 1965).

However, nothing in *Philips* or *Twombly* has changed other pleading standards for a Rule 12(b)(6) motion to dismiss. That is, in *Phillips* the court of appeals noted that the

4

Supreme Court in *Twombly* did not impose a new heightened pleading requirement, but reaffirmed that Federal Rule of Civil Procedure 8 requires only a short and plain statement of the claim showing that the pleader is entitled to relief, not "detailed factual allegations." *See Phillips,* 515 F.3d at 231 (citing *Twombly,* 127 S. ct. at 1964). Second, the Supreme Court did not abolish the Rule 12(b)6) requirement that "the facts alleged must be taken as true and a complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits." *Phillips, id.*, (*citing Twombly, id.* at 1964-65 and 1969 n.8.) *Phillips* also noted that while the Supreme Court did not address the previously established rule about drawing all reasonable inferences in favor of the non-moving party when considering a motion to dismiss, it concluded "we do not read [the *Twombly*] decision to undermine that principle." *Id.* at 231.

Generally, "to the extent that [a] court considers evidence beyond the complaint in deciding a 12(b)(6) motion, it is converted to a motion for summary judgment." *Anjelino v. New York Times Co.,* 200 F.3d 73, 88 (3d Cir. 1999). However, in resolving a 12(b)(6) motion to dismiss, a court may look beyond the complaint to matters of public record, including court files and records, decisions of government agencies and administrative bodies, and documents referenced in the complaint or essential to a plaintiff's claim which are attached to either the Complaint or the defendant's motion. *Pension Benefit Guar. Corp. v. White Consol. Indus.,* 998 F.2d 1192, 1196 (3d Cir. 1993).

Attached to the motion to dismiss filed by Intermediate Unit 1 is a copy of the docket from the Court of Common Pleas of Fayette County. The Court has considered this document

without the necessity of converting the motion to dismiss into a motion for summary judgment. *Pension Benefit Guar. Corp.,* 998 F.2d at 1196-97.

**Discussion**

Defendants raise two arguments in support of their Motions to Dismiss.[2] The arguments will be addressed seriatim.

A.	*Res Judicata*

Defendant Intermediate Unit 1 requests the Court to dismiss the instant lawsuit upon the sole basis that the claims raised in the instant removed action are barred by the doctrine of *res judicata.*[3] As explained by the Court of Appeals, the federal law of *res judicata* or claim preclusion involves a three pronged test, and bars a second suit where "there has been (1) a final judgment on the merits in a prior suit involving (2) the same parties or their privities and (3) a subsequent suit based on the same cause of action." *Corestates Bank v. Huls America, Inc.*, 176 F.3d 187, 194 (3d Cir. 1999). The "purpose of [the *res judicata*] doctrine is to relieve the parties of the cost and vexation of multiple lawsuits, conserve judicial resources, prevent

---

[2]	In seeking dismissal of the Complaint, Intermediate Unit 1 raises only the ground of *res judicata*. Defendant BASD has joined in the motion of Intermediate Unit 1, as well as raising additional grounds upon which it seeks to dismiss the Complaint.

[3]	Technically, the Federal Rules of Civil Procedure require that affirmative defenses be pleaded in the answer. However, the affirmative defense of *res judicata* may be raised in a motion to dismiss, especially when the elements of *res judicata* are apparent on the face of the pleadings. *Robinson v. Johnson*, 313 F.3d 128, 135, n. 3 (3d Cir. 2002). *See also Williams v. Murdoch*, 330 F.2d 745, 749 (3d Cir.1964) (affirmative defense of res judicata may be raised by a motion to dismiss or by an answer).

inconsistent decisions, and encourage reliance on adjudications." *Turner v. Crawford Square Apartments III, L.P.*, 449 F.3d 542, 551 (3d Cir. 2006).

Defendant contends that all three elements of *res judicata* are met. Plaintiff responds that the doctrine of *res judicata* is not applicable because the removed action, unlike the previously filed federal lawsuit, was timely filed within the applicable statute of limitations.

Plaintiff's allegations against these defendants are not original to the instant removed proceeding. As stated above, Plaintiff commenced this lawsuit by the filing of a Praecipe for Writ of Summons in the Court of Common Pleas of Fayette County on June 26, 2007 ("the removed action"). Three days later, on June 29, 2007, Plaintiff then filed in federal court a separate lawsuit which alleged the same claims arising from the same underlying facts against the same defendants ("the federal lawsuit").[4] Defendant Intermediate Unit 1 filed a motion to dismiss pursuant to Rule 12(b)(6) on the grounds that the federal Complaint was filed outside of the applicable two-year statute of limitations. By Memorandum Opinion and Order of November 26, 2007, the Court granted Defendant's motion and dismissed the case with prejudice.[5]

---

[4] It is well-established that "the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction . . . ." *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 817 (1976) (citations omitted); *Spring City Corp. v. Am. Bldgs., Co.,* 193 F.3d 165, 172 (3d Cir.1999). A plaintiff is therefore able to litigate the same issues in federal and state court simultaneously.

[5] Plaintiff's cause of action accrued while she attended Intermediate Unit 1 as a minor. As a result, pursuant to the Minority Tolling Statute, Plaintiff had two years within reaching the age of majority to file her Complaint against Defendants. 42 Pa. C.S. § 5533 (b)(1)(i)-(ii). Plaintiff was born on June 27, 1987 and, therefore, had until June 27, 2007 to file her Complaint.

In the instant motion to dismiss, Intermediate Unit 1 argues that because the removed lawsuit is based on the same claims which arise from the same underlying facts against the same defendants as the previously dismissed federal lawsuit, the doctrine of *res judicata* bars the instant removed action. The Court disagrees.

The federal lawsuit was dismissed <u>solely</u> on the grounds that Plaintiff did not file her Complaint <u>in federal court</u> in a timely fashion. The timeliness of the initiation of the removed action is not an issue. Plaintiff timely initiated her proceedings in state court on June 26, 2007, one day prior to the expiration of the statute of limitations, by the filing of a Praecipe for Writ of Summons. From a review of the state court docket, it appears that no action was taken in the state court case during the pendency of the federal lawsuit.

In December 2007, after the Court had dismissed the federal lawsuit, Plaintiff filed her Complaint in state court and on January 14, 2008, the state court granted Plaintiff's request to proceed *in forma pauperis*. The docket reflects that on February 13, 2008 and again on March 25, 2008, the Complaint was reinstated and the Writ of Summons reissued.[6]

---

[6] Intermediate Unit 1 states that the "rules required the Writ to be reinstated every 30 days until served" and further states that the "writ was never renewed." Br. at 4. However, the docket clearly reflects that the Writ was reissued twice. Furthermore, Pa. R.Civ.P. 401(5) provides as follows:

> If an action is commenced by writ of summons and a complaint is thereafter filed, the plaintiff instead of reissuing the writ may treat the complaint as alternative original process and as the equivalent for all purposes of a reissued writ, reissued as of the date of the filing of the complaint.

Thus, according to state procedural rules, it does not appear that Plaintiff was required to reissue the writ, as she had the Complaint reinstated.

The docket reflects that BASD was served on April 4, 2008 and Intermediate Unit 1 was served on April 20, 2008. It is clear that the filing of a writ of summons extends the statute of limitations for a period of time equivalent to the length of the initial statute of limitations, if a good faith effort is made to effectuate service of the writ.[7] *Lamp v. Heyman*, 366 A.2d 882 (Pa. 1976); *Yefko v. Ochs*, 263 A.2d 416 (Pa. 1970). Accordingly, it appears that the Praecipe for Writ of Summons, as well as the Complaint, were filed well within the appropriate statute of limitations. Therefore, the Court finds that the doctrine of *res judicata* does not prevent Plaintiff from pursuing her claims, originally brought in state court, in the instant removed action. The motion to dismiss filed by Intermediate Unit 1 will, therefore, be denied.

B. *Failure to State A Claim*

Defendant BASD argues that while Paragraph 21 of Plaintiff's Complaint "identifies the constitutional clauses upon which the Complaint is set forth, it completely fails to establish those minimal elements which are required to set forth a cause of action." Upon review of the Complaint, the Court finds this argument to be without merit.

Although Plaintiff's allegations are minimal and approaching the level of specificity of "a formulaic recitation of the elements of a cause of action," the Court finds and rules that the allegations in the Complaint go slightly beyond this threshold in order to give Defendant BASD fair notice of what Plaintiff's claims are and of the grounds on which they rest. First, as

---

[7] The Court notes that there is no allegation that Plaintiff did not make a good faith effort to effectuate service of the writ.

to Plaintiff's equal protection claim, Plaintiff states that she was treated differently than other students in the context of her summary removal from school, the forced transfer to another school, and by the treatment she received from both BASD and Intermediate Unit 1, as well as by school police officer Lazer. Plaintiff has alleged that Defendants repeatedly discriminated against her by failing to take any steps to control, discipline, or monitor Defendant Lazer's behavior.

Second, as to Plaintiff's procedural due process claim, Plaintiff claims that prior to her suspension and transfer, she was not provided with an informal hearing as required by Pennsylvania law and that, once transferred, she was not provided with a periodic administrative hearing(s) to determine whether she could be returned to a regular, classroom setting.

Third, as to Plaintiff's substantive due process claim, Plaintiff alleges that the policies, procedures, and practices of the Defendants allowed or created an atmosphere of fear, degradation, and humiliation at both BASD and Intermediate Unit 1. To be sure, this allegation is not particularly specific. Nonetheless, even after *Twombly*, courts within this Circuit have not required plaintiffs to allege the specifics of challenged policies and have continued to emphasize the necessity of discovery to reveal these specifics.

For these reasons, the motion to dismiss filed by BASD will be denied.

In the alternative, Defendant BASD has requested that Plaintiff be required to amend her Complaint because it lacks sufficient specificity to allow defendant to prepare a defense.[8]

---

[8] Defendants requested that Plaintiff be required to amend her Complaint pursuant to Pennsylvania Rule of Civil Procedure 1017(b)(3). However, pursuant to Federal
(continued...)

Upon review of Plaintiff's Complaint, the Court finds and rules that the Complaint clearly satisfies the standard imposed by Rule 8 of the Federal Rules of Civil Procedure. Under the pleading standard set forth in Rule 8(a)(2), complaints must include a "short and plain statement of the claim showing that the pleader is entitled to relief." A plaintiff is required only to give a defendant fair notice of what the claim is and the grounds upon which it rests. Rule 8 is fashioned in the interest of fair and reasonable notice, not technicality, and therefore is "not meant to impose a great burden upon a plaintiff." *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 347 (2005). Moreover, it must be noted that the incorporation of preceding paragraphs into subsequent causes of action is a standard practice, specifically permitted by Rule 10(c) of the Federal Rules of Civil Procedure. Accordingly, Defendant's request to have Plaintiff amend her Complaint will also be denied.

For all these reasons, the motion to dismiss filed by BASD will be denied.

C. *Motion for Counsel Fees*

Because the motions to dismiss will be denied, Defendants' request for counsel fees will likewise be denied.

---

[8](...continued)
Rule of Civil Procedure 81(c)(1), the Federal Rules of Civil Procedure apply to a civil action after it has been removed from state court. Accordingly, the Court analyzed the defendants' request as one under Federal Rule of Civil Procedure 8.

11

**Conclusion**

For the reasons hereinabove stated, the motions to dismiss filed by Defendants will be denied, as well as the request of Intermediate Unit for counsel fees. An appropriate Order follows.

McVerry, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SHANNA L. SPENCE,               )
                                )
        Plaintiff,               )
                                )
    v.                           )   02: 08cv0626
                                )
BROWNSVILLE AREA SCHOOL          )
DISTRICT, INTERMEDIATE UNIT ONE, )
and SCHOOL POLICE OFFICER LAZER, )
                                )
        Defendants.              )

## ORDER OF COURT

**AND NOW**, this 15th day of July, 2008, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED, ADJUDGED AND DECREED** as follows:

(i) the Motion to Dismiss Plaintiff's Complaint in its Entirety Pursuant to F.R.C.P. 12(b)(6) and for an Award of Counsel Fees filed by Defendant Intermediate Unit 1 is **DENIED** in its entirety;

(ii) the Motion to Dismiss filed by Defendant Brownsville Area School District is **DENIED**; and

(iii) the request of Defendant Intermediate Unit for counsel fees is **DENIED**.

It is further **ORDERED** that Defendants shall each file an Answer to the Complaint on or before **July 31, 2008.**

BY THE COURT:

s/Terrence F. McVerry
United States District Court Judge

cc: Herbert A. Terrell, Esquire
Email: haterrell@justice.com

John W. Smart, Esquire
Andrews & Price
Email: jsmart@andrewsandprice.com

Paul D. Krepps, Esquire
Marshall, Dennehey, Warner, Coleman & Goggin
Email: pdkrepps@mdwcg.com